1

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 21, 2023

SEAN F. McAVOY, CLERK

2

3

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

5

| 6 | SOTO et al., | No. | 1:23-cv-03016-EFS |
|---|---|---|---|
| 7 | BRITO et al., | | 1:23-cv-03038-EFS |
| 8 | VERA ESQUIVEL et al., | | 2:23-cv-00032-EFS |
| 9 | GARCIA et al., | | 2:23-cv-00047-EFS |
| 10 | BRAVO et al., | | 2:23-cv-00068-EFS |
| 11 | REYNA et al., | | 2:23-cv-00108-EFS |
| 12 | PINEDA RAMOS et al., | | 2:23-cv-00111-EFS |
| 13 | ZAMUDIO LEON et al., | | 2:23-cv-00117-EFS |
| 14 | MARTINEZ et al., | | 2:23-cv-00118-EFS |
| 15 | MORENO FRAIJO et al., | | 2:23-cv-00119-EFS |
| 16 | ZAVALA FIGUEROA et al., | | 2:23-cv-00122-EFS |
| 17 | PEREZ HERANDEZ et al., | | 2:23-cv-00124-EFS |
| 18 | CAMACHO CARRILLO et al., | | 2:23-cv-00125-EFS |
| 19 | BARAJAS GALVAN et al., | | 2:23-cv-00129-EFS |
| 20 | DIAZ-GODINEZ et al., | | 2:23-cv-00131-EFS |
| 21 | ROJAS et al., | | 2:23-cv-00132-EFS |
| 22 | PAMATZ VALENCIA et al., | | 2:23-cv-00133-EFS |

| | | |
|---|---|---|
| 1 | MEDINA et al., | 2:23-cv-00134-EFS |
| 2 | CANCINO VALDOVINOS et al., | 2:23-cv-00135-EFS |
| 3 | FLORES LIMON et al., | 2:23-cv-00137-EFS |
| 4 | MONTES et al., | 2:23-cv-00138-EFS |
| 5 | LEYVA MORALES et al., | 2:23-cv-00139-EFS |
| 6 | CASTREJON et al., | 4:23-cv-05059-EFS |
| 7 | CHAVEZ MELLIN et al., | 4:23-cv-05062-EFS |
| 8 | IBARRA DIAZ et al., | 4:23-cv-05063-EFS |
| 9 | CALDERON  et al., | 4:23-cv-05064-EFS |
| 10 | ESCALERA MALDONADO et al., | 4:23-cv-05066-EFS |
| 11 | RAMIREZ RIVERA et al., | 4:23-cv-05067-EFS |
| 12 | JAYED et al., | 4:23-cv-05069-EFS |
| 13 | Plaintiffs, | |
| 14 | v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DIRECTING ENTRY OF JUDGMENT IN DEFENDANTS' FAVOR** |
| 15 | | |
| 16 | LOREN K. MILLER, Director, Nebraska Service Center, U.S. Citizenship and Immigration Services, in his official | |
| 17 | capacity as well as his successors and assigns; ALEJANDRO MAYORKAS, | |
| 18 | Secretary, U.S. Department of Homeland Security, in his official | |
| 19 | capacity as well as his successors and assigns; UR MENDOZA JADDOU, | |
| 20 | Director, U.S. Citizenship and Immigration Services, in her official | |
| 21 | capacity as well as her successor and assigns; ANTONY J. BLINKEN, | |
| 22 | Secretary of State, U.S. Department of State, in his official capacity as well as | |

1 | his successors and assigns; PHILLIP
SLATTERY, Director, National Visa
2 | Center, U.S. Department of State, in his
official capacity as well as his successors
3 | and assigns; AND RICHARD C. VISEK,
Acting Legal Adviser, U.S. Department
4 | of State, in his official capacity as well
as his successors and assigns,
5 |
                              Defendants.
6 |

7

Plaintiffs have waited years for the government to process their

8

applications—or their family member's applications—for citizenship. Tired of

9

waiting, Plaintiffs filed these lawsuits. Plaintiffs' frustration with the delay is

10

understandable. But as is explained below, Defendants are correct that the

11

judiciary lacks the power to direct them to act on the filed I-601A applications and

12

Plaintiffs' claims relating to the DS-260 applications are premature.

13

## I.    BACKGROUND

14

### A.    Immigration Process

15

A foreign citizen seeking to live permanently in the United States requires an

16

immigrant visa.[1] Here, each noncitizen-Plaintiff seeks an immigrant visa on the

17

grounds that they have a close family relationship with a U.S. citizen or lawful

18

permanent resident (LPR).

19

20

[1] U.S. Dep't of State, Family Immigration,

21

https://travel.state.gov/content/travel/en/us-visas/immigrate/family-

22

immigration.html (last visited Dec. 19, 2023).

1    To obtain an immigrant visa based on a close family relationship with a U.S.

2    citizen or LPR is a multi-step process.[2] The first step under the Immigration and

3    Nationality Act (INA) is for the relative, who is a U.S. citizen or LPR, to file a

4    Petition for Alien Relative—using Form I-130—with USCIS on behalf of his or her

5    noncitizen family member to classify that noncitizen as an immigrant relative.[3]

6    Here, Plaintiffs satisfied this step: a Form I-130 petition was filed and fee paid to

7    classify the noncitizen as an immigrant relative. The Form I-130 petitions were

8    approved by USCIS.

9    If the "immigrant relative" desires to continue to reside in the United States

10    with their U.S. citizen/LPR family member during the immigration process, the

11    next step in the immigration process can involve the immigrant relative applying

12    for an I-601A Provisional Unlawful Presence Waiver. The filing of the I-601A

13    application is a necessary step in the immigration process because, by remaining in

14    the United States, the noncitizen is at odds with other immigration laws. A

15

---

16    [2] *See* 8 U.S.C. § 1202 (requiring the alien to be admissible to the United States for

17    permanent residence and eligible to receive an immigrant visa); 8 U.S.C. § 1255(a)

18    (directing that all applications for an immigrant visa be adjudicated by a consular

19    officer); U.S. Dept. of State Foreign Affairs Manual, 9 FAM 504.1-3(a)(2) (requiring,

20    subject to narrow exceptions, an immigrant visa applicant to appear for an

21    interview).

22    [3] 8 U.S.C. § 1154(a)(1)(A)(i).

noncitizen who has been unlawfully in the United States for more than 180 days is

deemed inadmissible for immigration benefits for a specified period of time

following their departure or removal from the United States—and as discussed

below, they must depart the United States as part of the process to obtain an

immigrant visa.[4] So, noncitizens who remain in the United States with their U.S.

citizen/LPR family member for 180 days or more must seek relief from being

deemed inadmissible by filing an I-601A application with USCIS.[5] To establish

eligibility for an I-601A waiver, the noncitizen "immigrant relative" must show that

they are "the spouse or son or daughter of a United States citizen or" LPR and that

refusing them entry "would result in extreme hardship to the citizen or lawfully

---

[4] *See id.* § 1182(a)(9)(B)(i). This period of inadmissibility depends on how long the

noncitizen was unlawfully present: usually the period of inadmissibility is three

years if the noncitizen was present for less than a year, and ten years if the

noncitizen was present for a year or more. *Id.*; *see also* 8 C.F.R. § 212.7(e).

[5] The statute refers to the Attorney General, but Congress transferred enforcement

of immigration laws to the Secretary of Homeland Security. Pub. L. No. 107-296, §

402, 116 Stat. 2135, 2178 (2002). For ease of reading, the Court refers to Homeland

Security as USCIS.

1    resident spouse or parent" of the noncitizen.[6] The USCIS has "sole discretion" to

2    determine whether to grant an I-601A application for a waiver.[7]

3        If USCIS grants the I-601A application, the immigration-benefits process

4    moves to the next step, which involves filing an Immigrant Visa and Alien

5    Registration Application, DS-260, with the State Department.[8] The State

6    Department's National Visa Center (NVC) ensures that all fees have been paid and

7    that the required documents have been submitted. Once NVC determines the DS-

8    260 application is documentarily complete and a visa number is available, NVC

9    schedules an appointment for the noncitizen to appear for an interview at a U.S.

10    embassy or consulate.[9] If the DS-260 is approved, the applicant receives by mail a

11

---

12    [6] 8 U.S.C. § 1182(a)(9)(B)(v).

13    [7] *Id.*

14    [8] 8 U.S.C. § 1202(h) (requiring every nonimmigrant visa applicant to attend an in-

15    person interview with a consular official); 8 C.F.R. § 212.7(e)(12); 9 *Foreign Affairs*

16    *Manual* 302.11-3(D)(1)(b)(3)(C). The DS-260 may also be filed while the I-601A

17    application is pending, however, the State Department will take no action on the

18    DS-260 application until the USCIS rules on the I-601A application.

19    [9] 8 U.S.C. § 1153(e)(1) (specifying the number of family-sponsored immigrant visas

20    that can be allocated and requiring immigrant visas to "be issued to eligible

21    immigrants in the order in which a petition in behalf of each such immigrant is

22    filed. . . .").

1  passport with an immigrant visa stamp along with a sealed envelope containing

2  official documents. The applicant then has four weeks to enter the United States.

3  Upon entering the United States, the applicant will receive the actual "green card"

4  mailed to their U.S. address.

5  **B.    Litigation**

6      An I-601A application is pending for each of the noncitizen-Plaintiffs, with

7  the most recent at-issue I-601A application filed on July 29, 2022, and the oldest at-

8  issue I-601A application filed almost four years ago. Plaintiffs ask the Court to

9  compel USCIS to process the I-601A applications for waiver of unlawful presence

10  and, once that process is complete, to compel the State Department to schedule the

11  interviews for DS-260 immigrant visa applications. Plaintiffs seek this relief

12  pursuant to the Administrative Procedures Act (APA) and through a writ of

13  mandamus.[10]

14      Defendants acknowledge the passage of time since the applications were

15  filed. But Defendants argue dismissal of these lawsuits is required because 1) the

16  immigration laws divest courts of jurisdiction to review matters concerning the I-

17  601A applications, 2) Plaintiffs lack constitutional standing to assert these claims,

18  3) Plaintiffs' claims against the State Department actors are not ripe, and 4)

19  Plaintiffs fail to state a plausible claim for unreasonable delay. As is explained

20

21  [10] *See* 5 U.S.C. §§ 555, 701 *et seq.* (APA); 28 U.S.C. § 1331; 28 U.S.C. § 2201

22  (Declaratory Judgment Act).

1   below, the Court lacks jurisdiction to hear Plaintiffs' claims related to the I-601A

2   applications and the claims against the State Department related to DS-260

3   applications are premature.

## II.    STANDARDS

### A.    Motion to Dismiss Standards

Defendants seek dismissal of the lawsuit pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). As the party seeking dismissal, Defendants have the burden of establishing that dismissal is appropriate.[11] A Rule 12(b)(1) motion seeks dismissal for lack of subject matter jurisdiction. "A Rule 12(b)(1) jurisdictional attack may be facial or factual."[12] The court's review of a facial attack is limited to the allegations in the complaint whereas the court "need not presume the truthfulness of the plaintiff's allegations" in a factual attack and can consider the evidence outside the complaint.[13]

### B.    APA and Mandamus Standards

To bring an APA claim, the plaintiff must suffer a "legal wrong because of agency action, or [be] adversely affected or aggrieved by agency action."[14] For

---

[11] *Thompson v. McCombe*, 99 F.3d 352, 352 (9th Cir. 1996).

[12] *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

[13] *Id.*

[14] 5 U.S.C. § 702; *see Gonzalez v. Cuccinelli*, 985 F.3d 357, 365 (4th Cir. 2021) (citing 28 U.S.C. § 1331 as the basis for subject-matter jurisdiction over APA claims).

1  instance, under certain circumstances, the APA allows a court to "compel agency

2  action unlawfully or unreasonably delayed."[15] Yet, judicial review under the APA is

3  precluded where 1) "statutes preclude judicial review" or 2) "agency action is

4  committed to agency discretion by law."[16]

5       If the relief sought by plaintiffs through a writ of mandamus is essentially

6  the same as that sought under the APA, the court may consider the claim under the

7  APA.[17] Because Plaintiffs seek the same relief through both their APA claims and

8  the requested writs of mandamus, the Court considers the claims under the APA.

9                    III.    ANALYSIS

10 **A.    Judicial review of agency delay as to I-601A applications is**

11      **precluded.**

12      Plaintiffs ask the Court to compel USCIS to adjudicate the I-601A

13 applications because USCIS has unreasonably delayed processing these

14 applications. Defendants argue the Court lacks jurisdiction to review Plaintiffs'

15 unreasonable-delay claim because 1) judicial review is barred by a provision of the

16

17 ────────────────

[15] 5 U.S.C. § 706.

18 [16] *Id.* § 701(a). *See also Vaz v. Neal*, 33 F.4th 1131, 1135–36 (9th Cir. 2022) (citing

19 *Norton v. S. Utah Wilderness Alliance*, 542, U.S. 55, 64 (2004)).

20 [17] *Indep. Min. Co v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997) (recognizing that

21 claims for mandamus relief and claims for relief under the APA seek essentially the

22 same relief and therefore have the same proof requirements).

1  INA—8 U.S.C. § 1182(a)(9)(B)(v)—and 2) USCIS has sole statutory discretion as to

2  how and when to rule on unlawful-presence waivers and therefore the APA does not

3  allow for judicial review. Because the Court agrees with Defendants' first argument,

4  the Court need not reach the second.

5      As mentioned above, Congress created a process that allows noncitizens to

6  apply for an unlawful-presence waiver by filing a Form I-601A application.[18]

7  Defendants argue that the Court may not consider whether USCIS has

8  unreasonably delayed adjudicating I-601A applications because a provision of the

9  INA prohibits court review.

10     The relied-on statute provides in relevant part:

11     The Attorney General has sole discretion to waive clause (i) in the case
       of an immigrant who is the spouse or son or daughter of a United States
12     citizen or of an alien lawfully admitted for permanent residence, if it is
       established to the satisfaction of the Attorney General that the refusal
13     of admission to such immigrant alien would result in extreme hardship
       to the citizen or lawfully resident spouse or parent of such alien. *No court*
14     *shall have jurisdiction to review a decision or action by the Attorney*
       *General regarding a waiver under this clause.*[19]

15
   Defendants argue this provision restricts court review of any and all actions by
16
   USCIS regarding I-601A waivers, including the length of time it takes USCIS to
17
   process waiver applications.
18

19

20  [18] 8 C.F.R. § 212.7(e). *See also* Provisional Unlawful Presence Waivers, 78 Fed. Reg.

21  536-01, 536 (Jan. 3, 2013).

22  [19] 8 U.S.C. § 1182(a)(9)(B)(v) (emphasis added).

1    Whether 8 U.S.C. § 1182(a)(9)(B)(v) bars judicial review of USCIS's delayed

2  processing of I-601A applications has not yet been decided by the Ninth Circuit—

3  although there is a pending appeal before the Ninth Circuit.[20] The majority of the

4  district courts addressing this question have found, for a variety of reasons, that

5  judicial review is precluded.[21]

6

7  [20] *Mercado v. Miller*, No. 2:22-cv-2182-JAD-EJY, 2023 WL 4406292, at *2–*3 (D.

8  Nev. July 7, 2023), *appeal pending*, No. 23-16007 (9th Cir. 2023).

9  [21] *Compare cases that allow for judicial review*: *Saavedra Estrada v. Mayorkas*, No.

10  23-2110, 2023 WL 8096897 (E.D. Penn. Nov. 21, 2023),  *Lara-Esperanza v.*

11  *Mayorkas*, No. 23-cv-1415-NYW-MEH, 2023 WL 7003418 (D. Col. Oct. 24, 2023);

12  *Granados v. United States*, No. 23-cv-0250 et. al, 2023 WL 5831515, at *3–*5 (D.

13  Col. Aug. 23, 2023); *Bamba v. Jaddou*, No. 1:23-cv-0357, 2023 WL 5839593, at *4

14  (E.D. Va. Aug. 18, 2023); *with cases that do not allow for judicial review*: *Singh v.*

15  *USCIS*, No. 1:23-cv-254, 2023 WL 8359889 (M.D. Penn. Dec. 1, 2023); *Soni v.*

16  *Jaddou*, --- F.Supp.3d ----, 2023 WL 8004292 (N.D. Ill. Nov. 17, 2023); *Ybarra v.*

17  *Miller*, No. 4:23cv3082, 2023 WL 7323365 (D. Neb. Nov. 7, 2023); *Reyes Silva v.*

18  *Miller*, No. 4:23cv3038, 2023 WL 7042347 (D. Neb. Oct. 26, 2023); *Beltran v. Miller*,

19  No. 4:23-cv-3053-RFR-CRZ, 2023 WL 6958622 (D. Neb. Oct. 20, 2023); *Boczkowski*

20  *v. Mayorkas*, No. 1:23-cv-2916, ECF No. 16 (N.D. Ill. Oct. 6, 2023); *Lozoya Rodriguez*

21  *v. Mayorkas*, No. 1:22-cv-0753-JB/LF, ECF No. 22 (D.N.M. Sept. 27, 2023); *Vijay v.*

22  *Garland*, No. 2:23-cv-0157-SPC-KCD, 2023 WL 6064326, at *2 (M.D. Fla. Sept. 18,

1       This question is a matter of statutory interpretation. There is a "well-settled

2  presumption favoring interpretations of statutes that allow judicial review of

3  administrative action."[22] Therefore, "clear and convincing evidence of a

4  congressional intent to preclude judicial review entirely" is needed.[23] This intent

5  can be found in "specific language in a provision or drawn from the statutory

6  scheme as a whole."[24] Courts "must interpret the statute as a whole, giving effect to

7  each word and making every effort not to interpret a provision in a manner that

8  renders other provisions of the same statute inconsistent, meaningless, or

---

2023); *Echeverri v. USCIS*, No. 23-cv-21711- RAR, 2023 WL 5350810, at *3–*4 (S.D.

Fla. Aug. 21, 2023); *Mafundu v. Mayorkas*, No. 23-cv-60611-RAR, 2023 WL

5036142, at *4–*5 (S.D. Fla. Aug. 8, 2023); *Mercado v. Miller*, No. 2:22-cv-2182-

JAD-EJY, 2023 WL 4406292, at *2–*3 (D. Nev. July 7, 2023), *appeal pending*, No.

23-16007 (9th Cir. 2023); *Lovo v. Miller*, No. 5:22-cv0067, 2023 WL 3550167, at *2–

*3 (W.D. Va. May 18, 2023).

[22] *McNary v. Haitian Refugee Ctr.*, 498 U.S. 479, 496 (1991).

[23] *Reno v. Cath. Soc. Servs.*, 509 U.S. 43, 44 (1993).

[24] *Patel v. Garland*, 596 U.S. 328, 347 (2022) (cleaned up).

1    superfluous."[25] "Phrases must be construed in light of the overall purpose and

2    structure of the whole statutory scheme."[26]

3           Here, the at-issue sentence is: "No court shall have jurisdiction to review a

4    decision or action by . . . [USCIS] regarding a waiver under this clause."[27]  Section

5    1182 does not define "decision or action." However, the plain meaning of the

6    language in this at-issue sentence supports Defendants' position that judicial

7    review of USCIS's I-601A application-processing time is barred.

8           According to Black's Law Dictionary, "decision" is a "determination [made]

9    after consideration of the facts and the law, and "action" is "the process of doing

10   something; conduct or behavior."[28] Clearly, no "decision" has been made on the

11   pending I-601A applications. But USCIS has made decisions about how to act on, or

12   process, the I-601A applications, such as decisions as to staffing and application

13   procedures, including its first-in-first-out policy. Moreover, the broad phrase

14   "decision or action" is followed by another broad phrase, "regarding a waiver under

15

---

16   [25] *Rodriguez v. Sony Computer Entm't Am.*, 801 F.3d 1045, 1051 (9th Cir. 2015)

17   (cleaned up).

18   [26] *Id.* (cleaned up).

19   [27] 8 U.S.C. § 1182(a)(9)(B)(v).

20   [28] Black's Law Dictionary (11th ed. 2019). *See also Sebelius v. Cloer*, 569 U.S. 369,

21   376 (2013) (recognizing that "statutory terms are generally interpreted in

22   accordance with their ordinary meaning).

1    this clause."[29] "Regarding" "in a legal context generally has a broadening effect,

2    ensuring that the scope of a provision covers not only its subject but also matters

3    relating to that subject."[30] The broad, all-encompassing language in the at-issue

4    sentence reflects Congress's intent to allow USCIS to make decisions as to how and

5    when to process filed I-601A applications.[31] Congress precluded courts from

6

7

---

8    [29] 8 U.S.C. § 1182(a)(9)(B)(v).

9    [30] *Patel v. Garland*, 596 U.S. at 338–39 (cleaned up).

10    [31] Defendants also ask the Court to use the APA's definition of "action" when

11    interpreting "action" in 8 U.S.C. § 1182(a)(9)(B)(v). The APA defines "action" as

12    including the "failure to act." 5 U.S.C. § 551(13). Because the plain language of the

13    at-issue INA statute—§ 1182(a)(9)(B)(v)—clearly precludes judicial review of the

14    reasonableness of the length of time it takes the Attorney General to decide the

15    merits of an I-601A application, the Court declines use the APA to define "action" in

16    § 1182(a)(9)(B)(v). *Compare Granados v. United States*, No. 23cv250-MEH, 2023 WL

17    5831515 (D. Col. Aug. 23, 2023) (declining to apply the APA definition of "agency

18    action" to § 1182(a)(9)(B)(v), *and Bamba v. Jaddou*, No. 1:23-cv-357, 2023 WL

19    5839593, at * 2 (E.D. Va. Aug. 18, 2023) (recognizing that using APA definitions is

20    only mandatory in the context of the APA itself or if Congress expressly

21    incorporated such definitions into another statute); *with Mercado v. Miller*, No.

22    2:22-cv-02182-JAD-EJY, 2023 WL 4406292, at *2 (D. Nev. July 7, 2023), *appeal*

1   reviewing whether the amount of time taken by USCIS is unreasonable. The relief

2   that Plaintiffs seek is relief USCIS—or Congress—can provide, not this Court.[32]

3   Defendants' motion to dismiss on the grounds that Plaintiffs' I-601A-application

4   claims are barred by 8 U.S.C. § 1182(a)(9)(B)(v) is granted.

5          Defendants are reminded, however, that although § 1182(a)(9)(B)(v) affords

6   USCIS sole discretion as to whether to grant an I-610A application, USCIS does not

7   have discretion as to whether to adjudicate the application. The framework

8   Congress established for I-610A applications makes clear that USCIS must

9   adjudicate filed applications filed by eligible aliens. Moreover, Congress has

10  suggested that the processing of an immigration-benefit application "should be

11  completed no later than 180 days after the initial filing of the application.[33]

12  Timely processing of filed I-601A applications will better serve Congress's

13  stated intent.

14

15

16  *filed*, No. 23-16007 (9th Cir. July 17, 2023) (using the APA "agency action"

17  definition to define "action" in § 1182(a)(9)(B)(v)).

18  [32] *See Babaria v. Blinken*, --- F. 4th ----, 2023 WL 8291303 (9th Cir. Dec. 1, 2023)

19  ("The long immigrant visa queue imposes significant hardship, and plaintiffs are

20  understandably frustrated. But in this instance, relief must come from action by the

21  executive and legislative branches rather the judiciary.")

22  [33] 8 U.S.C. § 1571(b).

**B.      Claims related to the DS-260 visas are premature.**

The State Department Defendants seek dismissal of the claims against them on the grounds that the DS-260-visa claims against them are unripe.[34] The State Department prevails on this argument. Because the State Department acts on DS-260 applications, including scheduling interviews, *after* an I-601A application is granted, the claims against the State Department Defendants are premature. For these reasons, the claims against the State Department Defendants are dismissed.

## IV.      CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

1.      Defendants' Motion to Dismiss in each of these cases is **GRANTED**:

- *Soto et al. v. Miller et al.*, 23-cv-3016-MKD, **ECF No. 13**

- *Brito et al. v. Miller et al.*, 1:23-cv-03038-EFS, **ECF No. 11**

- *Vera Esquivel et al. v. Miller et al.*, 2:23-cv-00032-EFS, **ECF No. 13**

---

[34] *See Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 807–08 (2003) (cleaned up). The basic rationale of the ripeness doctrine is "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Abbott Lab's v. Gardner*, 387 U.S. 136, 148–49 (1967), *abrogated on other grounds*.

1

- *Garcia et al. v. Miller et al..,* 2:23-cv-00047-EFS, **ECF No. 11**

2

- *Bravo et al. v. Miller et al.,* 2:23-cv-00068-EFS, **ECF No. 11**

3

- *Reyna et al. v. Miller et al.,* 2:23-cv-00108-EFS, **ECF No. 5**

4

- *Pineda Ramos et al. v. Miller et al.,* 2:23-cv-00111-EFS, **ECF No. 5**

5

- *Zamudio Leon et al. v. Miller et al.,* 2:23-cv-00117-EFS, **ECF No. 5**

6

- *Martinez et al. v. Miller et al.,* 2:23-cv-00118-EFS, **ECF No. 5**

7

- *Moreno Fraijo et al. v. Miller et al.,* 2:23-cv-00119-EFS, **ECF No. 5**

8

- *Zavala Figueroa et al. v. Miller et al.,* 2:23-cv-00122-EFS, **ECF No. 5**

9

- *Perez Hernandez et al. v. Miller et al.,* 2:23-cv-00124-EFS, **ECF No. 5**

10

- *Camacho Carrillo et al. v. Miller et al.,* 2:23-cv-00125-EFS, **ECF No. 5**

11

- *Barajas Galvan et al. v. Miller et al.,* 2:23-cv-00129-EFS, **ECF No. 5**

12

- *Diaz-Godinez et al. v. Miller et al.,* 2:23-cv-00131-EFS, **ECF No. 5**

13

- *Rojas et al. v. Miller et al.,* 2:23-cv-00132-EFS, **ECF No. 5**

14

- *Pamatz Valencia et al. v. Miller et al.,* 2:23-cv-00133-EFS, **ECF No. 5**

15

- *Medina et al. v. Miller et al.,* 2:23-cv-00134-EFS, **ECF No. 5**

16

- *Cancino Valdovinos et al. v. Miller et al.,* 2:23-cv-00135-EFS, **ECF No.**

17

  **5**

18

- *Flores Limon et al. v. Miller et al.,* 2:23-cv-00137-EFS, **ECF No. 5**

19

- *Montes et al. v. Miller et al.,* 2:23-cv-00138-EFS, **ECF No. 5**

20

- *Leyva Morales et al. v. Miller et al.,* 2:23-cv-00139-EFS, **ECF No. 5**

21

- *Castrejon et al. v. Miller et al.,* 4:23-cv-05059-EFS, **ECF No. 11**

22

- *Chavez Mellin et al. v. Miller et al.,* 4:23-cv-05062-EFS, **ECF No. 5**

1      • *Ibarra Diaz et al. v. Miller et al.*, 4:23-cv-05063-EFS, **ECF No. 5**

2      • *Calderon et al. v. Miller et al.*, 4:23-cv-05064-EFS, **ECF No. 7**

3      • *Escalera Maldonado et al. v. Miller et al.*, 4:23-cv-05066-EFS, **ECF**

4        **No. 5**

5      • *Ramirez Rivera et al. v. Miller et al.*, 4:23-cv-05067-EFS, **ECF No. 5**

6      • *Jayed et al. v. Miller et al.*, 4:23-cv-05069-EFS, **ECF No. 5**

7    2.    The Clerk's Office is to **ENTER Judgment in Defendants' favor in**

8        **each of these cases** and **CLOSE** the files.

9    IT IS SO ORDERED.  The Clerk's Office is directed to enter this Order and

10   provide copies to all counsel.

11   **DATED** this 21st   day December 2023.

12

13   _Edward F. Shea_
     _____

14            EDWARD F. SHEA
        Senior United States District Judge

15

16

17

18

19

20

21

22